UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROLAND PELLETIER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:22-cv-00422-JDL |
| | ) | |
| STATE OF CONNECTICUT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Between September 16, 2022, and December 29, 2022, Petitioner Roland Pelletier, proceeding pro se, filed eleven separate civil actions—including three Petitions for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2254 (West 2022)—in this Court against various Defendants.[1] The Petition for Writ of Habeas Corpus (No. 1:22-cv-00422-JDL, ECF No.1) addressed in this Order was filed on December 29, 2022. Pelletier is currently incarcerated at Brevard County Jail in Cocoa, Florida.

United States Magistrate Judge John C. Nivison conducted a preliminary review of the habeas corpus petitions, *see* Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (requiring initial review to determine whether the petition is facially valid), and issued Recommended Decisions on each. *See*

---

[1] *See* No. 1:22-cv-00297-JDL; No. 1:22-cv-00298-JDL; No. 1:22-cv-00342-JDL; No. 1:22-cv-00405-JDL; No. 1:22-cv-00422-JDL; No. 1:22-cv-00423-JDL; No. 1:22-cv-00417-JDL; No. 1:22-cv-00418-JDL; No. 1:22-cv-00419-JDL; No. 1:22-cv-00420-JDL; No. 1:22-cv-00421-JDL. The Court previously dismissed two of these actions on November 10, 2022 (No. 1:22-cv-00298-JDL, ECF No. 3), and January 3, 2023 (No. 1:22-cv-00297-JDL; ECF No. 9).

1

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). As to the other actions, Judge Nivison issued Recommended Decisions for each pursuant to 28 U.S.C.A. § 636(b)(1)(B) (West 2022) and Fed. R. Civ. P. 72(b)(1).[2]

In this Petition, Judge Nivison issued a Recommended Decision (No. 1:22-cv-00422-JDL, ECF No. 2) on January 10, 2023.

## I. THE RECOMMENDED DECISIONS

Judge Nivison recommends that this Court dismiss each of Pelletier's Complaints and Petitions for various reasons. Judge Nivison recommends dismissing two of the Complaints for Pelletier's failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.[3] In three of the Complaints filed against out-of-state Defendants,[4] Judge Nivison recommends that the Court dismiss the claims for improper venue, and further recommends that the Court decline to transfer the actions to the proper venue because of Pelletier's failure to state a claim. Judge Nivison also recommends that the Court dismiss two of the Complaints—also filed against out-of-state Defendants—solely for improper venue,[5] and that the Court decline to transfer one of the Complaints because "a judgment in favor of the plaintiff

---

[2] *See* No. 1:22-cv-00297-JDL, ECF No. 5; No. 1:22-cv-00298-JDL, ECF No. 2; No. 1:22-cv-00342-JDL, ECF No. 18; No. 1:22-cv-00405-JDL, ECF No. 2; No. 1:22-cv-00422-JDL, ECF No. 2; No. 1:22-cv-00423-JDL, ECF No. 2; No. 1:22-cv-00417-JDL, ECF No. 2; No. 1:22-cv-00418-JDL, ECF No. 3; No. 1:22-cv-00419-JDL, ECF No. 3; No. 1:22-cv-00420-JDL, ECF No. 3; No. 1:22-cv-00421-JDL, ECF No. 2.

[3] *See* No. 1:22-cv-00342-JDL, ECF No. 18; No. 1:22-cv-00405-JDL, ECF No. 2.

[4] *See* No. 1:22-cv-00418-JDL, ECF No. 1; No. 1:22-cv-00417-JDL, ECF No. 1; No. 1:22-cv-00421-JDL, ECF No 1.

[5] *See* No. 1:22-cv-00419-JDL, ECF No. 3; No. 1:22-cv-00420-JDL, ECF No. 3.

would necessarily imply the invalidity of his conviction or sentence."[6]  No. 1:22-cv-00420-JDL, ECF No. 3 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

As to Pelletier's Petitions for a Writ of Habeas Corpus, which he brought against the State of Connecticut and Collier County, Florida,[7] Judge Nivison recommends that the Court dismiss them for lack of subject-matter jurisdiction, and further recommends that the Court deny certificates of appealability because Pelletier has not made a substantial showing of the denial of a constitutional right under 28 U.S.C.A. § 2253(c)(2) (West 2022).

In each of his Recommended Decisions, Judge Nivison provided notice that a party's failure to object would waive the right to *de novo* review and appeal.  The time within which to file objections has passed, and Pelletier has not filed any objections.  The Court mailed Pelletier copies of the Recommended Decisions in all eleven actions, and the mail sent to Pelletier was returned to this Court as undeliverable or refused.  At the Court's direction, the Clerk's Office confirmed that as of April 19, 2023, Pelletier is still located at Brevard County Jail and that the Court's mailings have been sent to the proper address there.

Notwithstanding Pelletier's waiver of *de novo* review, I have reviewed and considered each Recommended Decision, together with the entire record in each pending action, and have made a *de novo* determination of all matters adjudicated by

---

[6]  *See* No. 1:22-cv-00420-JDL, ECF No. 3.

[7]  *See* No. 1:22-cv-00422-JDL, ECF No. 1; No. 1:22-cv-00423-JDL, ECF No. 1.

Judge Nivison. I concur with his recommendations for the reasons set forth in each Recommended Decision, and I determine that no further proceedings are necessary.[8]

## II. CONCLUSION

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (No. 1:22-cv-00422-JDL, ECF No. 2) is **ACCEPTED**. It is further **ORDERED** that Pelletier's Petition for Writ of Habeas Corpus (No. 1:22-cv-00422-JDL, ECF No. 1) is **DISMISSED**, and no certificate of appealability shall issue because there was no substantial showing of the denial of a constitutional right under 28 U.S.C.A. § 2253(c)(2).

**SO ORDERED.**

**Dated: May 4, 2023**

                                                      **/s/ Jon D. Levy**
                                    **CHIEF U.S. DISTRICT JUDGE**

---

[8] A *Cok* Warning has also been issued in connection to Pelletier's excessive filing. *See* No. 1:22-cv-00342-JDL, ECF No. 21.